RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante, Esq.
Richard González, Esq.
630 Third Avenue, 3rd Floor
New York, New York 10017
(212) 953-2381
*Attorneys for Defendants,*
*JD Marine Services and James DeSimone*

Civil Action No.: 11-cv-06073 (SJF)(AKT)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

IN THE MATTER OF THE COMPLAINT,

Of

In the Matter of the Complaint of John Franz, as
Owner of the 1996 Silverton 37 Motor Yacht
Pleasure Vessel, for Exoneration from of
Limitation of Liability,

Petitioner.

_____

CNA INSURANCE COMPANY as
Subrogee of Edward Shand,

     Defendant/Third-Party
     Plaintiff

  v.

JD MARINE SERVICE, JAMES DeSIMON,
JOHN FRANZ, MICHAEL BRUEMMER d/b/a
WEST BANK MARINA and JOSE TORRES,

     Third-Party Defendants.

_____

-1-

OLD UNITED CASUALTY COMPANY as
Subrogee of John Franz, as Owner of the 1996
Silverton 37 Motor Yacht Pleasure Vessel,

Plaintiff.

v.

JD MARINE SERVICES and
JAMES DeSIMON,

Defendants.

**ANSWER TO OLD UNITED
CASUALTY COMPANY'S
INTERVENOR COMPLAINT**

Defendants, **JD Marine Services** and **James DeSimone**, incorrectly sued herein as "James

DeSimon", by and through their attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, as and for their

Answer to the Intervenor Complaint of **Old United Casualty Company** as Subrogee of John Franz,

state upon information and belief, as follows:

1. The allegations contained in paragraph one are statements of law to which no answer is
   required.

2. Denies knowledge or information sufficient to form a belief as to the truthfulness of the
   allegations contained in paragraph two.

3. Admits that James DeSimone, incorrectly sued herein as "James DeSimon", resides in the
   State of New York, and denies the remaining allegations contained in paragraph three.

4. Denies knowledge or information sufficient to form a belief as to the truthfulness of the
   allegations contained in paragraph four.

-2-

5.  Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph five.

6.  Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph six.

7.  Admits that on or about July 11, 2011, a 37 foot vessel was docked at the West Bank Marina in Patchogue, New York, and denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph seven.

8.  Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph eight.

9.  Admits that on or about July 11, 2011, a fire occurred at the West Bank Marina in Patchogue, New York, and denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph nine.

10. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph ten.

11. Defendants repeats and reiterates each and every answer and denial contained in paragraphs 1 though 10 of this Answer as if set forth at length herein.

12. Denies the allegations contained in paragraph twelve.

13. Denies the allegations contained in paragraph thirteen.

14. Denies the allegations contained in paragraph fourteen.

15. Denies the allegations contained in paragraph fifteen.

16. Denies the allegations contained in paragraph sixteen.

17. Denies the allegations contained in paragraph seventeen.

18.     Denies the allegations contained in paragraph eighteen.

19.     Defendants repeats and reiterates each and every answer and denial contained in paragraphs

1 though 18 of this Answer as if set forth at length herein.

20.     Denies the allegations contained in paragraph twenty.

21.     Denies the allegations contained in paragraph twenty-one.

22.     Denies the allegations contained in paragraph twenty-two.

23.     Denies the allegations contained in paragraph twenty-three.

24.     Denies the allegations contained in paragraph twenty-four.

25.     Defendants repeats and reiterates each and every answer and denial contained in paragraphs

1 though 24 of this Answer as if set forth at length herein.

26.     Denies the allegations contained in paragraph twenty-six.

27.     Denies the allegations contained in paragraph twenty-seven.

28.     Denies the allegations contained in paragraph twenty-eight.

29.     Denies the allegations contained in paragraph twenty-nine.

30.     Denies the allegations contained in paragraph thirty.

31.     Denies the allegations contained in paragraph thirty-one.

32.     Denies the allegations contained in paragraph thirty-two.

33.     Denies the allegations contained in paragraph thirty-three.

34.     Defendants repeats and reiterates each and every answer and denial contained in paragraphs

1 though 33 of this Answer as if set forth at length herein.

35.     Denies the allegations contained in paragraph thirty-five.

36.     Denies the allegations contained in paragraph thirty-six.

37.    Denies the allegations contained in paragraph thirty-seven.

38.    Denies the allegations contained in paragraph thirty-eight.

39.    Denies the allegations contained in paragraph thirty-nine.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

Any damages, as alleged in the Complaint, which are denied, were caused in whole or in part and/or were contributed, through the negligence, fault, want of care, and/or culpable conduct of plaintiff, and/or on the part of others, without any negligence on the part of answering defendants, and answering defendants seek a dismissal or reduction in any recovery that may be had by the plaintiff, in the proportion to the negligence, fault, want of care, and/or culpable conduct attributable to plaintiff, and/or others, which caused said damages.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

Any damages, as alleged in the Complaint, which are denied, were the result of the fault, neglect, breach of duty of care by plaintiff, and/or on the part of others, over whom answering defendants exercises no legal authority or control, and for whom answering defendants cannot be held liable as a matter of law.

## AS AND FOR A FOURTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Negligence, if any, on the part of answering defendants was not the proximate cause of any damages alleged by plaintiff, which are denied.

## AS AND FOR A FIFTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by applicable statutes of limitations, repose, laches and/or estoppel as governed by applicable state law.

**WHEREFORE**, defendants, JD Marine Services and James DeSimone, demands:

a.   Judgment in their favor dismissing Plaintiff's Complaint with prejudice;

b.   Costs including reasonable attorneys' fees; and

c.   Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 27, 2012

RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for Defendants,*
*JD Marine Services and James DeSimone*

James E. Mercanté, Esq.
Richard González, Esq.

-6-

630 Third Avenue, 3rd Floor
New York, NY 10017
Ph: 212-953-2381
Fax: 212-953-2462
E-Mail: jmercante@rubinfiorella.com
E-Mail: rgonzalez@rubinfiorella.com
Our File No.: 628-20367

**To:**   **Via ECF**

John R. Keough, III, Esq.
Casey D. Burlage, Esq.
Clyde &Co US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
*Attorneys for Plaintiff,*
        *Old United Casualty Company*

Robert E. Kiely, Esq.
Sean Scanlon, Esq.
Regan & Kiely, LLP
88 Black Falcon Avenue, Suite 330
Boston, MA 02210
*Attorneys for Plaintiff,*
        *Old United Casualty Company*

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                                  ) ss.:
COUNTY OF NEW YORK  )

**BELINDA LOPEZ**, being duly sworn, says:

I am not a party to this action; I am over 18 years of age; I reside at Keansburg, New Jersey.

On **August 27, 2012**, I served the within **ANSWER TO OLD UNITED CASUALTY COMPANY'S INTERVENOR COMPLAINT** upon:

        John R. Keough, III, Esq.
        Casey D. Burlage, Esq.
        Clyde &Co US LLP
        The Chrysler Building
        405 Lexington Avenue, 16th Floor
        New York, NY 10174

        Robert E. Kiely, Esq.
        Sean Scanlon, Esq.
        Regan & Kiely, LLP
        88 Black Falcon Avenue, Suite 330
        Boston, MA 02210

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                  **BELINDA LOPEZ**

Sworn to before me this
27th day of August, 2012

Notary Public

SUSAN RYAN
Notary Public, State of New York
No. 43-4912244
Qualified in Richmond County
Commission Expires November 9, 20 13

Our File No.  628-20367

−8−